UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JEWEL MILLIGAN, III,

  Plaintiff,

  v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

  Defendant.

No.  2:13-CV-03072-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 19, 20. Attorney D. James Tree represents Plaintiff, and Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On February 4, 2010, Plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning September 15, 2009. Tr. 19; 174. Plaintiff filed a previous application for supplemental security income that was denied by an administrative law judge on September 16, 2009. Tr. 19. In the current claim, Plaintiff reported that he was unable to work due to chronic back pain, shoulder pain, AD/HD, knee injuries, learning disability, and depression/anxiety. Tr. 178. Plaintiff's claim was denied initially and on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 108-59.

On March 27, 2012, ALJ James W. Sherry held a hearing, at which medical expert Joseph Cools, Ph.D., vocational expert Trevor Duncan, M.Ed., and Plaintiff, who was represented by counsel, testified. Tr. 43-96. On May 1, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. 19-30. The Appeals Council declined review. Tr. 1-3. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here. At the time of the third hearing, Plaintiff was 28 years old, single, and living in a fifth wheel trailer with his brother. Tr. 70. He completed the 11th grade. Tr. 70.

Plaintiff worked for six months at a lodge, washing dishes and performing general maintenance tasks. Tr. 73. He testified is unable to work because he becomes so irritated, and his anxiety is "through the roof," and the environment "basically flips a switch" and tells him "to close up and shut down." Tr. 74. Plaintiff attempted to work with Job Corps, but he said that ended when he became angry with the dorm staff, and Plaintiff hit a staff member with a steel chair. Tr. 76.

Plaintiff testified that he is in pain from his knee every-other-to-every-third day. Tr. 77. He said his mood is worse on days when he is in pain, and he has trouble getting along with others. Tr. 77-78. He said he experiences anxiety in large crowds, and he avoids he supermarket and the fair. Tr. 81. He also said the side effects of his pain medication makes it hard to focus and make him drowsy Tr. 82. In his disability report on appeal, Plaintiff stated that his anxiety had worsened, and his knee was giving out more often, and his back pain was worse.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Tr. 207.

On Plaintiff's function report, he stated that he had no daily routine and that he will "do whatever I [feel] like doing that day." Tr. 199. He indicated that he takes care of feeding, watering and washing his dogs. Tr. 200. He also indicated that he prepares meals, performs yard work, and completes household chores every other day. Tr. 201. He also goes camping, fishing, hiking and hunting. Tr. 203.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971)*. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. *Taylor v. Heckler,* 765 F.2d 872, 875 (9th Cir. 1985). A claimant may overcome this burden by proving "changed circumstances," such as the existence of an impairment not previously considered, an increase in the severity of an impairment, or a change in the claimant's age category. *See Schneider v. Commissioner*, 223 F.3d 968, 973 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 4, 2010, his application date. Tr. 21. At step two, the ALJ found Plaintiff suffered from the severe impairments of depressive disorder, not otherwise specified; attention deficit hyperactivity disorder; generalized anxiety disorder with panic attacks;

polysubstance dependence in remission; personality disorder, not otherwise specified; and chronic pain disorder with neck/back pain and right ankle pain. Tr. 21. At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments. Tr. 22. The ALJ found that Plaintiff had the residual functional capacity to perform medium work:

> [M]eaning that he can lift 50 pounds occasionally and 25 pounds frequently, and stand/walk for approximately six hours in an eight-hour day and sit for approximately six hours in an eight-hour day. He can push and pull within his lifting restrictions. Additionally, the claimant is capable of performing simple, routine and repetitive tasks, in a low stress job, which is defined as a job with only occasional and simple changes in the work setting and occasional simple decision making required. The claimant would learn best by demonstration; either live or by video rather than by oral or written instruction. He is capable of occasional and superficial interaction with the public and co-workers as well as supervisors. He is able to handle routine corrections by his employer.

Tr. 24.

The ALJ found that Plaintiff has no past relevant work. Tr. 28. Considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as hand packer, kitchen helper, laundry worker, garment sorter, motel/hotel housekeeper and small products assembler. Tr. 28-29. As a result, the ALJ found that Plaintiff was not disabled. Tr. 29.

## ISSUES

Plaintiff contends that the ALJ erred in finding Plaintiff's testimony was not credible and in weighing the medical evidence. ECF No. 19 at 13-21.[1]

---

[1] Plaintiff segregates a third argument: "The ALJ committed harmful reversible error by relying solely on the opinions of "medical advisors" and

**DISCUSSION**

**A.    Credibility**

Plaintiff argues that the ALJ erred by finding Plaintiff's complaints about his physical and mental impairments were not credible. ECF No. 19 at 19-20. Plaintiff argues that the ALJ erred by relying upon Plaintiff's daily activities to determine Plaintiff was not credible. ECF No. 19 at 21.

The ALJ is responsible for determining credibility. *Andrews*, 53 F.3d at 1039. Unless affirmative evidence exists indicating that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996). The ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir. 1990). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998), quoting *Lester*, 81 F.3d at 834. If objective medical evidence exists of an underlying impairment, the ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 347-48 (9th Cir. 1991).

To determine whether the claimant's testimony regarding the severity of the

---

rejecting all treating and examining providers." ECF No. 19 at 18-19. This argument is implicitly addressed within the analysis of medical opinions. Additionally, Plaintiff's issue analysis fails to provide specific citations, or cogent argument specific to the facts of this case. ECF No. 19 at 18-19. As a result, the court will not address this issue. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *See, e.g., Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir. 1989)*; *Bunnell*, 947 F.2d at 346-47.

In this case, the ALJ found that Plaintiff's daily activities contradicted his allegations of disabling pain. Tr. 25. The ALJ listed many of Plaintiff's daily activities, such as walking and caring for dogs, performing chores and housework, driving, camping and hiking, hunting and going out in a 4x4 on rough roads. Tr. 25. Plaintiff admitted he participated in these activities. Tr. 201-03; 265; 341. The ALJ noted that Plaintiff had performed recent heavy work. Tr. 353. These activities are inconsistent with Plaintiff's allegations of disabling pain and, thus, the ALJ properly relied upon Plaintiff's daily activities to find his pain complaints not entirely credible.

Additionally, the ALJ found that little evidence existed related to Plaintiff's mental health condition. Tr. 25. In assessing a claimant's credibility, the ALJ may properly rely on "'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Fair*, 885 F.2d at 603. According to agency rules, "the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p. Moreover, a Plaintiff's failure to assert a good reason for not seeking treatment, "or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain

testimony." *Fair*, 885 F.2d at 603.  As the ALJ found in this case, the records are scant relating to Plaintiff's seeking treatment for his mental health issues. The ALJ properly relied upon this factor in assessing Plaintiff's credibility.

Moreover, as the ALJ noted, Plaintiff reported in November 2009, his moods were better since he started on medication, and between August 2010, and January 2012, he seldom reported mental problems and instead focused on physical complaints.  Tr. 25; Tr. 270; Tr. 355-87.

The ALJ's findings related to Plaintiff's credibility were specific and valid reasons that were supported by the record.  As such, the ALJ did not err in finding Plaintiff had little credibility.

**B.     Medical Opinions**

The medical opinions of three types of medical sources are recognized in social security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester*, 81 F.3d at 830.  Generally, a treating physician's opinion should be accorded more weight than opinions of doctors who did not treat the claimant, and an examining physician's opinion is entitled to greater weight than a non-examining physician's opinion.  *Id*.  However, "[t]he ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

     **1.     John McRae, M.D.**

Plaintiff contends that the ALJ erred by rejecting the opinion from Dr. McRae because no objective evidence existed to support the opinion and because the doctor did not base his decision on current treatment records.  ECF No. 19 at 16-17.

On January 13, 2010, Dr. McRae completed a brief form Certification for Medicaid: GAX decision.  Tr. 289.  In that form, Dr. McRae noted that Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

had undergone annual psychological evaluations, but none of the examiners had investigated his cognitive abilities. Dr. McRae noted that Plaintiff's school history, including special education, behavioral problems, and AD/HD medications, and his most recent evaluation indicated Plaintiff has many social limitations and is unable to work with common workplace stressors and expectations. Tr. 289. Dr. McRae opined that even without using marijuana, the doctor expected Plaintiff would not be able to sustain work tasks. Tr. 289.[2]

The ALJ gave little weight to the opinion from Dr. McRae because Dr. McRae noted that no objective evidence supported his opinion and his opinion was based upon Plaintiff's childhood treatment, not his current medical records. Tr. 26. When confronted with conflicting medical opinions, an ALJ need not accept a physician's opinion that is conclusory, brief and unsupported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Batson,* 359 F.3d at 1195 (ALJ need not accept opinion of even treating physician if it is inadequately supported by clinical findings). As the ALJ found, it is not clear what objective medical evidence was reviewed by Dr. McRae prior to filling out the GAX form. In short, Dr. McRae's certificate for Medicaid eligibility was conclusory, brief and also unsupported by current objective medical evidence. As a result, the ALJ did not err in affording little weight to this opinion.

 2. **Scott K. Reinmuth, M.D.**

Plaintiff argues that the ALJ erred by rejecting Dr. Reinmuth's opinion on the basis that the doctor gave no explanation to support his opinion. ECF No. 19

---

[2]The form states verbatim: "Even without his use of pot, I would still expect he *would be able to* sustain work tasks." Tr. 289 (emphasis added). Plaintiff and the ALJ agreed that this was a typographical error, and given the context, Dr. McRae's report should have read "he *would be unable to* sustain work tasks." Tr. 50.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

at 17-18.

On January 11, 2012, Dr. Reinmuth completed a form from DSHS, that contained fill-in-the-box assessments related to Plaintiff's functioning and exertional capabilities. Tr. 347-48. In that form, Dr. Reinmuth indicated that Plaintiff's work function was impaired by a medical condition that would last between 3-6 months. Tr. 347. The doctor indicated Plaintiff could lift a maximum of 10 pounds, and sit for most of the day, with occasional pushing pulling of arm or leg controls. Tr. 347.

The ALJ gave this opinion "some weight" because no evidence existed of objective testing or other medical evidence that support the 10 pounds lifting limitation. Tr. 27. As the ALJ found, no objective medial evidence exists in the record, and Plaintiff points to none, that indicates Plaintiff is limited to lifting ten pounds. Moreover, a disability must have either have lasted or be expected to last for a continuous period of not less than 12 months in order to qualify as a disability. 20 C.F.R. § 416.905(a). In this case, Dr. Reinmuth estimated that Plaintiff's condition would last a mere three to six months, a duration too brief to qualify for disability. The ALJ did not err.

Dr. Reinmuth also completed an undated form entitled "Documentation of Physician Authorization to Engage in the Medical use of Marijuana in Washington State." Tr. 234. The first two sentences of the form indicate: "I am a physician licensed in the State of Washington. I have diagnosed the above named patient as having a terminal or debilitating medical condition as defined in RCW 69.51A.010." Tr. 234. The form indicates the physician advised the patient of the risks and benefits associated with medical use of marijuana. Tr. 234.

The ALJ rejected Dr. Reinmuth's opinion that Plaintiff had a debilitating medical condition that was contained in an authorization for medical marijuana because Dr. Reinmuth provided no explanation for the opinion. Tr. 27. As noted above, an ALJ need not accept a physician's opinion that is conclusory, brief and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

unsupported by clinical findings. *Tonapetyan,* 242 F.3d at 1149. In this case, Dr. Reinmuth simply signed a form that contained the language necessary to support a prescription for medical marijuana. Tr. 234; see RCW 69.51A.010(6)(a)-(g). The form contains no explanation, description, or opinion about Plaintiff's condition, from Dr. Reinmuth. As such, the ALJ properly gave the fill-in-the-blank form little weight. The ALJ did not err in weighing the opinion from Dr. Reinmuth.

       3.     **Russell Anderson, MSW**

Plaintiff contends that the ALJ erred by giving little weight to the opinion by Mr. Anderson, MSW. Plaintiff argues that the opinion is entitled to more weight because it was co-authored by an accepted medical source, Dr. Rodenberger. Also, Plaintiff contends that the ALJ erred by rejecting the opinion because it was based upon records that were not within the relevant time period, and because it was based primarily upon Plaintiff's self-reports. ECF No. 19 at 13-14.

On January 8, 2010, Russell Anderson, MSW, completed a Psychological/Psychiatric Evaluation form. Tr. 226-31. Mr. Anderson observed Plaintiff's "marked" anxiety, which he described as "social isolation, occasional panic attacks, frustration, irritability, avoidance of stress." Tr. 227. Also, Mr. Anderson observed Mr. Anderson's "severe" inattentiveness, which he described as "poor concentration, easily distracted, cannot focus, cannot stay on task, short-term memory problems, hyperactivity." Tr. 227. Finally, Mr. Anderson noted Plaintiff's "moderate" depression, which he described as "negative thought content, poor motivation, apathy." Tr. 227.

In Mr. Anderson's ratings of Plaintiff's cognitive and social factors, he opined Plaintiff had marked limitations in his abilities to: (1) relate appropriately to co-workers and supervisors; (2) interact appropriately in public contacts; (3) respond appropriately to and tolerate the pressures and expectations of a normal work setting; and (4) maintain appropriate behavior in a work setting. Tr. 229. Mr. Anderson also opined Plaintiff had moderate limitations in his abilities to (1)

understand, remember and follow complex instructions; (2) learn new tasks; and (3) exercise judgment and make decisions. Tr. 229. Mr. Anderson noted, "Client's level of functioning does not appear to be improved in the past several years as evidenced by past evaluations, and inability to get or maintain employment, as well as continually pursuing social security disability." Tr. 229. Mr. Anderson also noted that Plaintiff "appears to be committed to pursuing Social Security disability benefits, and has not shown a great deal of interest or commitment to gaining or maintaining employment." Tr. 231.

The ALJ gave little weight to this opinion because Mr. Anderson seemed to base his opinion upon records that were not within the relevant time period, and because Mr. Anderson relied largely upon Plaintiff's self-reported inability to get a job and his pursuit of disability benefits, which are not indications of disability. Tr. 26.

First, Plaintiff's argument that Mr. Anderson's January 8, 2010, opinion was "co-authored" by Dr. Rodenberger is inaccurate. As Defendant points out, Dr. Rodenberger's signature is affixed under the title: "releasing authority signature/title (for use by the veterans administration area of advanced training for ARNP)." Tr. 231. Neither the signature nor the report indicates that Dr. Rodenberger participated in, adopted or approved of the findings in the Psychological/Psychiatric evaluation.[3] As a result, this claim fails.

Next, Plaintiff argues that because the regulations require the ALJ to consider all the medical evidence, Mr. Anderson's reliance upon records that are remote in time was not error. ECF No. 19 at 13-14. Plaintiff is incorrect, and he

---

[3]The same analysis applies to Plaintiff's identical assertion related to opinion of Dick Moen, MSW. The same form was used, with the same language, and thus the court may not find a reasonable inference that Dr. Rodenberger participated in, or approved of, the findings contained within Mr. Moen's report.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

confuses the ALJ's duties with a proper foundation for a medical opinion. Mr. Anderson indicated that he reviewed four DSHS evaluations: July 2006, August 2007, July 2008, and July 2009. Tr. 226. The onset date for this claim is February 4, 2010. Tr. 19.

A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. *Taylor*, 765 F.2d at 875; *Lyle v. Secretary*, 700 F.2d 566, 568 (9th Cir. 1983). The claimant can overcome this burden by proving "changed circumstances," such as the existence of an impairment not previously considered, an increase in the severity of an impairment, or a change in the claimant's age category. *See Schneider*, 223 F.3d at 973(finding changed circumstances based on worse psychological test scores and diagnosis); *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (attainment of advanced age as changed circumstance); *Light v. Social Security Administration*, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (increased severity of carpal tunnel syndrome and diagnosis of AD/HD constitute changed circumstances); *Lester,* 81 F.3d at 828 (new allegation of mental impairment not raised in prior application or addressed in prior denial and attainment of age 50); *Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir. 1988) (res judicata could not be applied to bar claim since claimant raised psychological impairment not previously considered); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *Taylor,* 765 F.2d at 875 (finding claimant's condition improved rather than deteriorated and claimant failed to show requisite changed circumstances).

In this case, the problem that arises from Mr. Anderson's review of pre-onset records is that such records are not relevant as to whether Plaintiff's condition has changed since September 16, 2009, the date of Plaintiff's previous SSA denial. Tr. 19. Records that predate Plaintiff's filing date simply establish the baseline to determine Plaintiff's previous condition, but are of little value in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

determining if Plaintiff is currently disabled. As such, the ALJ did not err in relying upon this factor in determining how to weigh Mr. Anderson's opinion.

Finally, Plaintiff contends it was error for the ALJ to conclude that Mr. Anderson relied largely upon Plaintiff's self-report. ECF No. 19 at 14. A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan*, 242 F.3d at 1149. In this case, while Mr. Anderson made a few clinical observations, in the absence of current objective medical testing (which Mr. Anderson recommended), the ALJ's conclusion that Mr. Anderson relied upon Plaintiff's self-report is a reasonable inference. In sum, the ALJ did not err in giving little weight to Mr. Anderson's opinion.

### 4. Dick Moen, MSW

Plaintiff also argues that the ALJ erred by rejecting the opinion from Mr. Moen on the basis that it was internally inconsistent and based primarily upon Plaintiff's self-reports. ECF No. 19 at 14-16.

On January 7, 2011, Dick Moen, MSW, examined Plaintiff. Tr. 343. Mr. Moen found Plaintiff had a depressive disorder with concentration problems that posed marked limitations related to work activities. Tr. 340. Mr. Moen also found that Plaintiff suffered from an anxiety disorder, "more anxiety around strangers and new locations," and "AD/HD NOS, inattentive hyperactive and impulsive," that each posed moderate limitations related to work activities. Tr. 340. Mr. Moen indicated that he observed Plaintiff's anxiety and AD/HD. Tr. 340.

Mr. Moen assessed Plaintiff with marked limitations in the abilities to understand, remember and persist in tasks by following complex instructions of three or more steps, and in the ability to learn new tasks. Tr. 341. Also, Mr. Moen noted that Plaintiff is currently taking antidepressants, and the "depression is fairly well controlled. The AD/HD has never been treated adequately, he is not on medication for that, and the AD/HD behavior is still a big problem. Anxiety

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

medications are making the anxiety more manageable." Tr. 342. Mr. Moen also added "the AD/HD behaviors are still enough of a problem that he cannot hold a job. He has not taken [medication] for years, and he felt it never did work very well." Tr. 342.

The ALJ gave Mr. Moen's opinion little weight because it was internally inconsistent and it appeared Mr. Moen relied upon Plaintiff's self-reports. Tr. 27. The ALJ noted that Plaintiff had indicated to Mr. Moen that he had not taken his AD/HD medication in years. The ALJ also noted that Mr. Moen opined that Plaintiff's AD/HD behaviors prevented him from holding a job, but he assessed the AD/HD as causing only moderate limitations on work activities. Tr. 27.

The existence of an inconsistency between a doctor's conclusions and his or her own findings is a specific and legitimate reason for rejecting that opinion. *See Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986) (treating doctor's conclusory opinion that claimant was disabled was properly rejected by ALJ when it was internally inconsistent and not consistent with doctor's prior medical reports). The record supports the ALJ's assessment. On the one hand, Mr. Moen indicates that Plaintiff is unable to sustain work due to AD/HD, but on the other hand, Mr. Moen rated the impairment as having only a "moderate" impact on work activities. Tr. 340. "Moderate" was defined in the form as "significant interference." Tr. 340. These can be construed as inconsistent findings. Moreover, impairments that are effectively controlled by medication are not deemed disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As such, Mr. Moen's opinion about the severity of Plaintiff's untreated AD/HD must be considered in light of the fact Plaintiff has not been on medication for years.

Finally, the ALJ gave little weight to Mr. Moen's opinion because it appeared he relied upon Plaintiff's self-reports. As noted above, a medical provider's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan*, 242 F.3d at 1149. In

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

1 this report, Mr. Moen appended to his report two pages titled, "Adult mental Status
2 Summary." Tr. 344-45. The form is a check-the-box form and appears to contain
3 contemporaneous notes taken by Mr. Moen during the exam. Tr. 344-45. Mr.
4 Moen did not indicate he administered objective tests.

5 Moreover, some of the remarks Mr. Moen provided were not observed in the
6 clinical setting. For example, Mr. Moen stated, "At other times, he may freak out
7 and have to leave. Any pressure and he closes down." Tr. 340. No notes indicate
8 that Plaintiff had to leave or closed down during the testing. Similarly, Mr.
9 Moen's notes indicate, "let go for not staying on task and at times for being
10 impulsive." Tr. 340. Mr. Moen does not indicate he had access to Plaintiff's
11 former employers, or employee records, or any source that could provide this
12 information, other than Plaintiff. Tr. 340. As such, it was a reasonable inference
13 for the ALJ to concluded that Mr. Moen relied largely upon Plaintiff's discredited
14 self-reports. In sum, the ALJ did not err in weighing the opinions from Mr. Moen.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19,** is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** this file.

DATED April 29, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16